COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-09-394-CV

 

 

GERALD BROWDER                                                             APPELLANT

 

                                                   V.

 

JAMES LOWELL PENTON, JR.,
AS                                            APPELLEE

THE INDEPENDENT EXECUTOR OF

THE ESTATE OF JAMES LOWELL

PENTON, DECEASED

                                              ------------

 

                    FROM
PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Gerald Browder is attempting to appeal from the trial court=s
partial summary judgment in favor of Appellee James Lowell Penton, Jr., as the
independent executor of the estate of James Lowell Penton, Deceased.[2]  We will dismiss for want of jurisdiction.

In July
2008, Appellee filed this real estate deed construction case, asserting causes
of action against Appellant and other defendants under the Texas Natural
Resources Code and seeking a declaratory judgment.  Appellee sought damages and attorneys=
fees.  In July 2009, Appellee filed a
motion for partial summary judgment, which the trial court ultimately
granted.  The order on the motion for
partial summary judgment states that Athe
issues of damages and reasonable and necessary attorney=s fees
which are equitable and just, if any, shall be tried.@

Appellant
filed his notice of appeal in November 2009. 
Appellee filed a motion to dismiss the appeal for want of jurisdiction
on the ground that the partial summary judgment is not a final judgment.  Appellee contends that the trial court merely
granted partial summary judgment, expressly providing in its order that the
issues of damages and attorneys= fees Ashall be
tried.@  Appellant filed no response to the motion to
dismiss.








Appellate
courts have jurisdiction only over appeals from final judgments and from
specific types of interlocutory orders designated by the legislature as
appealable.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); see Tex. Civ. Prac. & Rem. Code Ann.
'
15.003(c) (Vernon Supp. 2009), ' 51.014
(Vernon 2008), ' 171.098 (Vernon 2005); Tex. Gov=t Code
Ann. ' 1205.068
(Vernon 2000).  A judgment entered
without a conventional trial on the merits is final Aif and
only if either it actually disposes of all claims and parties then before the
court, regardless of its language, or it states with unmistakable clarity that
it is a final judgment as to all claims and all parties.@  Lehmann, 39 S.W.3d at 192B93.

Here,
the order granting Appellee=s motion
for partial summary judgment is not a final, appealable order; the order states
that Appellee is Aentitled to partial judgment
as a matter of law@ and that the issues of damages
and attorneys= fees Ashall be
tried.@
[Emphasis added.]  Nor is the order an
appealable interlocutory order. 
Accordingly, because there is no final judgment or appealable
interlocutory order, we grant Appellee=s motion
to dismiss and dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

 

DELIVERED:  February 4, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]The order that Browder
attempts to appeal also denied his motion for a declaratory judgment.